# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 27 2015, 9:01 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dominic Lowe,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 27, 2015<br><br>Court of Appeals Case No.<br>84A05-1412-CR-566<br><br>Appeal from the Vigo Superior Court<br><br>Lower Court Cause No.<br>84D03-1408-F3-2200<br><br>The Honorable David R. Bolk, Judge |

**Pyle, Judge.**

## Statement of the Case

[1] Dominic Lowe ("Lowe") pled guilty to Level 5 felony battery against a public safety officer and admitted that he was an habitual offender in exchange for the

State's dismissal of seven other charges. The trial court sentenced Lowe—who was on probation in one case and out on bond in another case at the time of his offenses and who had violated a no-contact order after his arrest in this case—to an aggregate term of seven years executed in the Department of Correction, which was within the eight-year executed cap contained in the plea agreement. Lowe now appeals his sentence, alleging that his sentence is inappropriate because the trial court ordered him to serve his executed time in the Department of Correction instead of in a community corrections program or an inpatient substance abuse program. Concluding that Lowe has failed to show that his sentence is inappropriate, we affirm his sentence.

Affirmed.

# Issue

Whether Lowe's executed sentence in the Department of Correction was inappropriate.

# Facts

On September 24, 2014, the State ultimately charged Lowe with: Count I, Level 3 felony attempted robbery resulting in bodily injury; Count II, Level 5 felony disarming a law enforcement officer; Count III, Level 5 felony battery against a public safety officer; Count IV, Level 6 felony resisting law enforcement; Count V, Level 6 felony resisting law enforcement; Count VI, Class A misdemeanor invasion of privacy with an enhancement based on a prior invasion of privacy conviction; Count VII, Class B misdemeanor false

informing; and Count VIII, Class B misdemeanor disorderly conduct.[1]  The State also filed an information alleging that Lowe was an habitual offender.  At the time of his offenses, Lowe was on probation in one case and out on bond in another case.

[4] On October 2, 2014, Lowe pled guilty, pursuant to a written plea agreement, to the Level 5 felony battery against a public safety officer.  In addition, he admitted that he was an habitual offender in exchange for the State's dismissal of the remaining charges.  The plea agreement also provided that the State would "recommend that the defendant be sentenced to the Indiana Department of Correction for a term of imprisonment not to exceed eight (8) years, and the parties shall argue all other terms of sentencing before the Court."  (App. 58). Additionally, under the terms of the plea agreement, the State agreed that it would dismiss all charges in a separate cause, terminate Lowe's probation in two other causes, not file charges against Lowe for invasion of privacy based on his contact with the victim after his arrest in this cause, and not file charges against him for false statements made under oath during a bond reduction hearing in this cause.

[5] When sentencing Lowe, the trial court noted that he had a "significant, significant criminal history[,]" including eight felony convictions and had previously served time in prison on three occasions in North Carolina and

---

[1] The State filed its original charging information on August 20, 2014, and the trial court granted the State's motion to file its amended charging information on September 24, 2014.

Indiana. (Sent. Tr. 45). The trial court also noted that Lowe was out on bond and on probation when he committed the offenses in this case, that he had "a number of probation violations in the past filed against [him,]" and that he violated the terms of his bond, which was no contact with the victim, after his arrest in this case. (Sent. Tr. 46). The trial court also acknowledged that Lowe had a "serious substance abuse . . . problem" and that his imprisonment would result in a hardship to his dependents. The trial court imposed a four (4) year executed sentence for the Level 5 felony and enhanced it by three (3) years for Lowe's habitual offender adjudication. Thus, the trial court imposed an aggregate sentence of seven (7) years and ordered that it be served in the Department of Correction. Lowe now appeals his sentence.

# Decision

[6] Lowe contends that his aggregate seven-year executed sentence and his habitual offender adjudication is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[7]     Lowe argues that his "lengthy prison term, as opposed to an alternative to incarceration, was inappropriate in this case." (Lowe's Br. 5). He suggests that the trial court should have considered other sentencing options, such as work release, home detention, or an inpatient substance abuse program.

[8]     In regard to a defendant's challenge to placement, our Indiana Supreme Court has explained that "[t]he place [where] a sentence is to be served is an appropriate focus for application of our review and revise authority." *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). Nevertheless, "it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). "This is because the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Id.* at 268 (emphasis in original).

[9]     Here, Lowe simply alleges that the trial court should have considered the "plethora of sentencing options available other than prison[.]" (Lowe's Br. 7). He has not, however, shown that his placement in the Department of Correction is inappropriate. Indeed, the plea agreement provided that there would be a sentencing cap of eight years executed in the Department of Correction. Moreover, Lowe, who was twenty-eight years old at the time of his offenses, has an extensive criminal history, including multiple violations of probation. Additionally, the record on appeal reveals that the nature of Lowe's offenses involved Lowe fleeing from police, grabbing an officer's Taser gun, and hitting him multiple times with it when the officer tried to arrest him.

Further, Lowe was violating a protective order issued for the protection of his estranged wife.

[10] Lowe has not persuaded us that his aggregate seven-year executed sentence is inappropriate. Therefore, we affirm the trial court's sentence.

[11] Affirmed.

Crone, J., and Brown, J., concur.